# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

MARIAH KELBY,

       Plaintiff,

v.

OCTAPHARMA PLASMA, INC.,

       Defendant.

Case No.: 4:26-cv-00010

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Octapharma Plasma, Inc. ("Defendant" or "Octapharma") files this Notice of Removal of the case styled Mariah Kelby v. Octapharma Plasma, Inc., Case No. 2516-CV39231, from the Circuit Court of Jackson County, Missouri, at Kansas City (the "State Court Action"), to the United States District Court for the Western District of Missouri, Western Division. In support of this Notice of Removal, Defendant states the following:

## PLEADINGS, PROCESS, AND ORDERS

1. On December 1, 2025, Plaintiff Mariah Kelby ("Plaintiff") filed a Petition for Damages in the Circuit Court of Jackson County, Missouri, captioned *Mariah Kelby v. Octapharma Plasma, Inc.*, Case No. 2516-CV39231, asserting claims for: (Count I) Discrimination in Violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 et seq. ("MHRA"); (Count II) Failure to Promote in Violation of the MHRA; and (Count III) Retaliation in Violation of the MHRA. True and correct copies of all pleadings, process, and orders from the State Court Action are attached hereto as Exhibit 1, including:

a. Petition for Damages;

b. Charge of Discrimination (Exhibit A to Petition);

c. Notice of Right to Sue (Exhibit B to Petition);

d. Motion for Appointment of Private Process Server;

e. Order for Appointment of Private Process Server;

f. Summons for Personal Service Outside the State of Missouri;

g. Notice of Case Management Conference for Civil Case and Order for Mediation;

h. Entry of Appearance;

i. Filing Information Sheet;

j. Confidential Address Filed; and

k. State Court Docket Sheet.

2. On December 3, 2025, a summons was issued by the 16th Judicial Circuit Court, Jackson County, Missouri.

3. Defendant Octapharma was served with the Petition, Summons, and related documents on December 10, 2025, via its registered agent, Incorp Services, Inc., at 10644 Westlake Drive, Charlotte, NC 28273-3930.

4. This Notice of Removal is filed within thirty (30) days of the date on which Octapharma was served, making it timely pursuant to 28 U.S.C. § 1446(b).

5. No proceedings have been set in the State Court Action as of the date of this Notice.

6. Defendant has not filed an Answer to Plaintiff's Petition for Damages.

7.     By filing this Notice of Removal, Defendant reserves all substantive and procedural claims, counterclaims, and defenses, including but not limited to, defenses regarding service of process, venue, personal jurisdiction, statutes of limitations, and/or failure by Plaintiff to state any claim upon which relief can be granted.

## STATEMENT OF GROUNDS FOR REMOVAL

8.     This action is removable under 28 U.S.C. §§ 1441 and 1332 because complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

9.     Removal is proper under 28 U.S.C. § 1332 because the parties' citizenship is diverse and the amount in controversy in this civil action exceeds the sum of $75,000.00, exclusive of interest and costs.

10.     As alleged in the Petition, Plaintiff is a resident of Missouri.  Upon information and belief, Plaintiff is a citizen of the State of Missouri.  For diversity purposes, citizenship is determined by domicile, where an individual is physically present and intends to remain indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Accordingly, Plaintiff is a citizen of Missouri.

11.      Defendant Octapharma Plasma, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina, and is, therefore, a citizen of Delaware and North Carolina pursuant to 28 U.S.C. § 1332(c)(1). *See* Exhibit 2; Exhibit 3.

12. Complete diversity exists because Plaintiff (Missouri) is a citizen of a different state than Octapharma (Delaware/North Carolina). No Co-Defendants are named in the Petition, ensuring complete diversity.

13. No Defendant is a citizen of Missouri, and the forum Defendant Rule (28 U.S.C. § 1441(b)(2)) does not bar removal.

## AMOUNT IN CONTROVERSY

14. Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction requires the amount in controversy to exceed $75,000, exclusive of interest and costs.

15. The U.S. Supreme Court has held that a removing Defendant needs only to plausibly allege that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

16. The amount in controversy is determined from the allegations in the Petition. 28 U.S.C. § 1446(c)(2); See *St. Paul Mercury Indemnity Co. v. Red Cab Co.* (1938) 303 U.S. 283, 289.

17. Under Missouri law, the prayer for relief is not controlling, and pleadings may be amended to conform to the evidence. *Hollenbeck v. Outboard Marine Corp.,* 201 F.Supp.2d 990, 994 (E.D. Mo. 2001). Therefore, while Plaintiff's Petition attempts to limit recovery to less than the jurisdictional amount, this limitation is not binding where the actual amount in controversy exceeds $75,000.

18. The amount-in-controversy exceeds $75,000 when "a fact finder might legally conclude" it does. *Grawitch v. Charter Communs., Inc.*, 750 F.3d 956, 959 (8th

Cir. 2014) (quoting *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012)).

19. The removing party is only required to establish that the jurisdictional amount is met by a mere "preponderance of the evidence." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007); *see also McLauchin v. Sight*, 2016 U.S. Dist. LEXIS 99983 at *2 (W.D. Mo. 2016) (*quoting James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (stating the removing party does not need to "prove that 'the damages *are* greater than the requisite amount,' but that 'the claims . . . could, that is might, legally satisfy the amount in controversy requirement'"). In determining whether the jurisdictional amount in controversy has been met, the question is not whether the damages are greater than $75,000, but whether a fact finder could legally award more than $75,000. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

20. Plaintiff alleges race discrimination, failure to promote, and retaliation under the MHRA. She seeks compensatory damages (including back pay, front pay, and lost benefits), emotional distress damages, punitive damages, and attorneys' fees.

21. Emotional distress damages in MHRA cases can range up to $200,000. *See Eich v. Bd. of Regents for C.M. St. Univ.*, 350 F.3d 752, 763-64 (8th Cir. 2004) (reinstating $200,000 verdict for non-economic damages related to emotional distress under Title VII and MHRA); *Kucia v. Se. Ark. Cmty. Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) (upholding $50,000 in compensatory damages for emotional distress in race discrimination case).

22. Courts consider compensatory damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

23. Plaintiff generally seeks compensatory damages, because "[p]laintiff has suffered garden variety emotional distress including a loss of self-esteem, humiliation, and mental anguish." [Petition at ¶ 38, 47, and WHEREFORE paragraphs]. Damages for emotional distress can range up to $200,000. *See Eich v. Bd. of Regents for C.M. St. Univ.*, 350 F.3d 752, 763-64 (8th Cir. 2004) (reinstating $200,000 verdict for non-economic damages related to emotional distress under Title VII and MHRA); *Kucia v. Se. Ark. Cmty. Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) (upholding $50,000 in compensatory damages for emotional distress in race discrimination case). Punitive damages under the MHRA are uncapped.

24. In determining the amount in controversy, courts also should consider the Plaintiff's claim for attorneys' fees. *See Capitol Indem. Corp v. Miles.*, 978 F.2d 437, 438.

25. Plaintiff's claim for attorneys' fees alone allows the fact finder to reasonably conclude that Plaintiff's damages claim exceeds $75,000. [Petition at ¶ 39, 48, and 58].

26. Recent fee awards in Missouri state court in employment cases with a single Plaintiff include:

- *Bowolak v. Mercy East Communities*, 452 S.W.3d 688 (Mo. Ct. App. E.D. 2014) (affirming fee award of $81,500);
- *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorneys' fees); and

- *Tate v. Autozoners, L.L.C.*, 363 S.W.3d 179 (Mo. Ct. App. S.D. 2012) (affirming fee award of $126,000).

27. Considering the allegations and averments in Plaintiff's Petition for damages, including Plaintiff's claims for back pay/front pay, emotional distress, punitive damages, and attorneys' fees, a fact finder could legally conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs.

28. Therefore, Federal jurisdiction is proper. Removal is effected without waiving any defenses.

## VENUE OF REMOVAL

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Missouri, embraces the Circuit Court of Jackson County, Missouri, where the State Court Action is pending.

30. This action is removable under 28 U.S.C. § 1441 because it falls within the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1332.

## STATUTORY REQUIREMENTS

31. This Notice of Removal is timely filed within 30 days of December 10, 2025, when Octapharma was served with the Petition, pursuant to 28 U.S.C. § 1446(b).

32. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches a current docket sheet from the State Court Action, and all pleadings and papers filed in the state court as Exhibit 1.

33. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Jackson County, Missouri, and served upon Plaintiff's counsel.

WHEREFORE, Defendant Octapharma Plasma, Inc. respectfully removes this case from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri,, for all further proceedings, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, without waiving any defenses.

/s/ Alan L. Rupe

Alan L. Rupe, MO #56013
Andrew J. McLeese, USDC WD MO-KS-001321
LEWIS BRISBOIS BISGAARD & SMITH LLP
4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Telephone: (816) 299-4250
Facsimile: (816) 299-4245
alan.rupe@lewisbrisbois.com
andrew.mcleese@lewisbrisbois.com

*Attorneys for Defendant Octapharma Plasma, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 7, 2026, the above Notice of Removal was filed using the

court's CM/ECF system and sent via electronic mail to the following:

Ivan L. Nugent
inugent@knmlaw.com

Jeff Klusmeier
jklusmeier@knmlaw.com

*Attorneys for Plaintiff*

/s/Alan L. Rupe

Alan L. Rupe